UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEVIN JENNINGS,<br><br>        Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | CASE NO. C16-616-MJP<br><br>ORDER GRANTING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE |

THIS MATTER comes before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (Dkt. No. 1.) Having considered the Parties' briefing and the relevant record, the Court GRANTS the Motion.

**Background**

On January 25, 2013, this Court sentenced Petitioner to 96 months of imprisonment—to be served consecutively to 24 months imposed under Case No. CR04-243-MJP for the supervised release violation, for a total of 120 months imprisonment—after he pleaded guilty to one count of Possession of Cocaine Base in the form of Crack Cocaine with Intent to Distribute in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C). <u>United States v. Devin Jennings</u>, Case No.

CR12-292-MJP, Dkt. No. 28 (W.D. Wash. 2013). At sentencing, the Court agreed with the government and Probation that Petitioner was a career offender because his two Washington convictions (attempting to elude a pursuing police vehicle, King County case number 02-1-05560-1, and second-degree assault, King County case number 02-1-05560-1) qualified as crimes of violence under U.S.S.G. § 4B1.2(a). The Presentence Report and the government calculated the Guideline range as 151 to 188 months, though the Parties agreed under their plea agreement to recommend a 96-month prison term for the new offense and a 24-month prison term for the supervised release violation for a total term of 120 months. Had Petitioner not been found to be a career offender, the Guideline range would have been 63 to 78 months.

Petitioner's Motion, brought following the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), challenges his career offender finding. In Johnson, the Supreme Court ruled on a section of the Armed Career Criminal Act ("ACCA") known as the "residual clause," which provided a definition of "violent felony." The ACCA residual clause provided that a violent felony was one that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). In Johnson, the Supreme Court held that this clause was "unconstitutionally vague." 135 S. Ct. 2557. In doing so, the Court necessarily found the clause "vague in all its applications," id. at 2561, and concluded that "[i]ncreasing a defendant's sentence under the clause denies due process of law." Id. at 2557. Later, in Welch v. United States, the Supreme Court held that Johnson applies retroactively to defendants whose sentences were enhanced under the ACCA's residual clause. 136 S. Ct. 1257, 1265 (2016).

Although Petitioner was sentenced as a career offender under the Guidelines rather than under the ACCA, the Guidelines' definition of "crime of violence" includes a sentence identical

to the ACCA residual clause.  See USSG § 4B1.2(a)(2) (providing that a "crime of violence means any offense…[that] otherwise involves conduct that presents a serious potential risk of physical injury to another"); see also United States v. Spencer, 724 F.3d 1133, 1138 (9th Cir. 2013) (holding that the Ninth Circuit makes "no distinction between the terms 'violent felony' [as defined in the ACCA] and 'crime of violence' [as defined in § 4B1.2(a)(2) of the Sentencing Guidelines] for purposes of interpreting the residual clause[s]").

Petitioner now moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, arguing that the sentence imposed is unconstitutional under Johnson and Welch.  (Dkt. No. 1.) The government agrees that Petitioner was sentenced as a career offender under the Guidelines residual clause, "agrees that Johnson's vagueness holding applies to the Career Offender Guidelines' residual clause," and agrees that Petitioner "no longer qualifies as a career offender because his prior conviction for Attempting to Elude a Pursuing Police Vehicle is not a crime of violence under the Guidelines after Johnson."  (Dkt. No. 9 at 2, 17.)  These concessions notwithstanding, the government opposes Petitioner's request for relief, arguing that (1) Petitioner's ability to raise his claim is barred by the collateral attack waiver contained in his plea agreement; (2) Petitioner's claim is untimely and procedurally barred; and (3) Petitioner's sentence was not imposed in violation of the Constitution or the laws of the United States because Johnson does not apply retroactively on collateral review to defendants, such as Petitioner, who are merely challenging a court's advisory Guidelines calculation as opposed to an enhanced ACCA sentence that exceeds the otherwise applicable statutory maximum.  (Id. at 2-3.)

As explained in more detail below, the Court agrees with Petitioner and with the well-reasoned decision of this Court on these issues in Ruchell Gilbert v. United States, Case No. 15-


cv-1855-JCC, Dkt. No. 19, 2016 WL 3443898 (W.D. Wash. 2016). The Court hereby joins with the Honorable John C. Coughenour in rejecting the arguments advanced by the government, and concludes that Petitioner's Motion must be GRANTED.

**Discussion**

I.  28 U.S.C. § 2255

Under 28 U.S.C. § 2255, a federal prisoner in custody under sentence may move the court that imposed the sentence to vacate, set aside, or correct the sentence on the ground that:

> [T]he sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack ....

28 U.S.C. § 2255. A petitioner seeking relief under § 2255 must file his motion with the one-year statute of limitations set forth in § 2255(f). That section provides that a motion is timely if it is filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f)(3).

The Supreme Court issued its opinion in <u>Johnson</u> on June 26, 2015. Petitioner filed his Motion on April 27, 2016, less than one year later. (Dkt. No. 1.) Petitioner's motion is timely.

II.  Waiver

The government argues that Petitioner's Motion should be denied because, as part of his plea agreement, Petitioner expressly waived "[t]he right to bring any collateral attack against Defendant's conviction or sentence, except as it may relate to the effectiveness of legal representation." (Dkt. No. 9 at 7-12.) Because Petitioner waived the right to collaterally attack his sentence, the government argues he is not entitled to relief here. (<u>Id.</u>)

1  The government's argument is unavailing. A waiver "will not apply if: . . . 3) the
2  sentence violates the law." United States v. Bibler, 495 F.3d 621, 624 (9th Cir. 2007). A
3  sentence violates the law if it "exceeds the permissible statutory penalty for the crime or violates
4  the Constitution." Id. Here, Petitioner was sentenced pursuant to a provision in the Guidelines
5  that is unconstitutionally vague, thereby denying Petitioner due process of law. See Johnson,
6  135 S. Ct. 2551. Accordingly, Petitioner's sentence is "'illegal,' and therefore the waiver in his
7  plea agreement does not bar" this Motion. United States v. Torres, ___ F.3d ___, No. 14-10210,
8  2016 WL 3770517, at *9 (9th Cir. July 14, 2016); see also Gilbert, Case No. 15-cv-1855-JCC,
9  Dkt. No. 19 (W.D. Wash. 2016).

10  III.  Procedural Default

11  The government next argues that Petitioner's claim is procedurally barred because
12  Petitioner did not argue at his sentencing or on appeal that he was not a career offender or that
13  the Guidelines' residual clause was unconstitutionally vague. (Dkt. No. 9 at 13-16.) The Court
14  disagrees.

15  The Court adopts the reasoning of the Gilbert court and finds that Petitioner's claim is not
16  procedurally defaulted because he has demonstrated cause and prejudice. See Gilbert, Case No.
17  15-cv-1855-JCC, Dkt. No. 19 (W.D. Wash. 2016) (finding the cause requirement satisfied in this
18  context because Johnson explicitly overruled the holdings in Sykes v. United States, 564 U.S. 1
19  (2011), and James v. United States, 550 U.S. 192 (2007), that the ACCA residual clause was
20  constitutional). The Court finds that there is a reasonable probability that Petitioner's sentence
21  would have been lower had this Court not erred in sentencing him under the Guidelines' residual
22  clause.

1  IV.   Retroactivity

2  Finally, the government argues that Petitioner's Motion should be denied because
3 Petitioner's sentence was not imposed in violation of the Constitution or the laws of the United
4 States because <u>Johnson</u> does not apply retroactively on collateral review to defendants, such as
5 Petitioner, who are merely challenging a court's advisory Guidelines calculation as opposed to
6 an enhanced ACCA sentence that exceeds the otherwise applicable statutory maximum.  (Dkt.
7 No. 9 at 17-25.)

8  The Court agrees with and hereby adopts the reasoning of the <u>Gilbert</u> court finding
9 <u>Johnson</u> retroactively applicable in this context.  See <u>Gilbert</u>, Case No. 15-cv-1855-JCC, Dkt.
10 No. 19 at 5-10 (W.D. Wash. 2016); <u>see also</u> <u>Welch</u>, 136 S. Ct. 1257; <u>Reina-Rodriguez v. United</u>
11 <u>States</u>, 655 F.3d 1182, 1189 (9th Cir. 2011).  For the sake of judicial economy, the <u>Gilbert</u>
12 court's analysis is not repeated here.

**Conclusion**

14  The Court finds that Mr. Jennings was erroneously sentenced as a career offender in
15 violation of the law.  Accordingly, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence
16 is GRANTED.  (Dkt. No. 1.)  The Court VACATES and SETS ASIDE the judgment as to Devin
17 Jennings in <u>United States v. Devin Jennings</u>, Case No. CR12-292-MJP, Dkt. No. 28 (W.D.
18 Wash. 2013).  The Court will resentence Petitioner, permit him to submit objections to his
19 Presentence Report pursuant to Federal Rule of Criminal Procedure 32(i)(1)(D), and allow both
20 sides to argue for an appropriate and lawful sentence.

22  The clerk is ordered to provide copies of this order to all counsel.

Dated this 17th day of August, 2016.

_Marsha J. Pechman_
Marsha J. Pechman
United States District Judge

ORDER GRANTING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE- 7